IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HOWARD GRADY,

                                ORDER

                Plaintiff,

                           12-cv-136-slc[1]

     v.

BONNIE BELLEHUMEUR,
JEFF KUYAWA and STEVE NIELSON,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this proposed civil action for monetary relief, pro se plaintiff Howard Grady is alleging that defendants Bonnie Bellehumeur, Jeff Kuyawa and Steve Nielson subjected him to discrimination and unfair working conditions while he worked at Feeding America as part of the SER work program, a state employment program for people over age 55.  Plaintiff is proceeding under the in forma pauperis statute, 28 U.S.C. § 1915, and cannot afford to make an initial partial payment.  Because plaintiff is proceeding under the in forma pauperis statute, I must screen his complaint and dismiss any claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted or ask for money damages from a defendant who by law cannot be sued for money damages.  28 U.S.C. §

---

[1]  For the purpose of issuing this order, I am assuming jurisdiction over this case.

1915(e)(2)(B).

Unfortunately, I cannot reach the merits of plaintiff's claims at this time because his pleading does not provide enough information to support his claims, as required by Rule 8 of the Federal Rules of Civil Procedure. Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 also requires that the complaint contain enough allegations of fact to make a claim for relief plausible on its face. Aschcroft v. Iqbal, 555 U.S. 662, 678-79 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Plaintiff alleges that he worked at Feeding America as part of the SER employment program for older workers from August 2, 2009 to January 15, 2012. Defendants Bonnie Bellehumeur, Jeff Kuyawa and Steve Nielson were supervisors there. He alleges that people working at Feeding America as part of the SER employment program were subjected to harsher working conditions and did not receive as many benefits as Feeding America's regular employees. In particular, SER program workers did not receive uniforms, protective clothing, bathroom or smoking breaks, free meals or holiday baskets. In addition, SER program workers were scheduled to work in the worst areas of the facilities, including areas with rotten food, rats, maggots, bad smells and poor airflow.

These allegations provide notice about those aspects of plaintiff's employment that

he felt were unfair or unsafe.  However, they do not state a claim under federal law.  As an initial matter, I am not aware of any federal cause of action regarding unsafe working conditions that could be brought against a non-federal employee about non-federal facilities. Mason v. Ashland Exploration, Inc., 965 F.2d 1421, 1425 (7th Cir. 1992) (employees do not have private right of action under Occupational Safety and Health Act).

With respect to discrimination, plaintiff does not allege any facts to tie his adverse working conditions to any plausible claim for discrimination.  It is not clear from plaintiff's complaint whether he believed defendants were discriminating against him because of his age, sex, race or some other protected category.  Plaintiff alleges that "95% of Feeding America workers are black," but he does not identify his own race or say whether he believes he was subjected to discrimination on the basis of his race.  Plaintiff may be trying to assert a claim for age discrimination on the basis of the different treatment for workers in the SER employment program.  However, I cannot infer from plaintiff's allegations that any of the named defendants discriminated against plaintiff because of his age.  For example, he does not allege that any defendant made derogatory comments about his age, that any defendant treated younger workers better or even that there are employees younger than he is who work at Feeding America.  Instead, plaintiff's allegations suggest that plaintiff was treated differently from regular employees because of his status as a SER program worker rather than as a permanent employee, and not because of his age.

Because plaintiff's complaint does not comply with Rule 8, I must dismiss it without

3

prejudice.  Plaintiff is free to file an amended complaint that includes the allegations that are missing.  In particular, he should include allegations that describe why he thinks defendants treated him worse because of his age, race or some other characteristic.  Plaintiff should draft the complaint as if he were telling a story to people who know nothing about his situation. Someone reading the complaint should be able to answer the following questions:

   • What are the facts that form the basis for plaintiff's claims?

   • What did the individual defendants do that makes them liable for violating plaintiff's rights?

   • How was plaintiff injured by defendants' conduct?

If plaintiff's amended complaint satisfies Rule 8, I will consider the merits of his claims.


                                    ORDER

       IT IS ORDERED that plaintiff Howard Grady's complaint is DISMISSED without prejudice for failure to comply with Fed. R. Civ. P. 8.  He may have until April 27, 2012 to file an amended complaint that complies with Rule 8.  If plaintiff does not file an amended complaint by April 27, the clerk of court is directed to close this case.

       Entered this 16th day of April, 2012.

                                    BY THE COURT:
                                    /s/
                                    BARBARA B. CRABB
                                    District Judge

                                       4