IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HOWARD GRADY,

                                                                     ORDER

              Plaintiff,

                                                    12-cv-136-slc[1]

   v.

BONNIE BELLEHUMEUR,
JEFF KUYAWA and STEVE NIELSON,

             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On April 16, 2012, I dismissed plaintiff Howard Grady's complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. In his complaint, plaintiff had alleged that defendants Bonnie Bellehumeur, Jeff Kuyawa and Steve Nielson subjected him to discrimination and unfair working conditions while he worked at Feeding America as part of the SER work program, a state employment program for people over age 55. I found that plaintiff had not alleged facts sufficient to support a discrimination claim against any defendant. I gave him an opportunity file an amended complaint that contained more information about his claims.

Plaintiff has filed an amended complaint. Dkt. #5. Because plaintiff is proceeding

---

[1] For the purpose of issuing this order, I am assuming jurisdiction over this case.

1

under the in forma pauperis statute, I must screen his proposed amended complaint and dismiss any claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted or ask for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e)(2)(B).

Unfortunately, plaintiff's proposed amended complaint contains even fewer facts than his original complaint. In his amended complaint, he repeats his allegations that SER program workers, most of whom are over the age 55 and are black, were subjected to worse working conditions than Feeding America's regular employees, many of whom are also black. In particular, he alleges that SER program workers did not receive bathroom or smoking breaks or free meals and had a breakroom and lockers that were separate from those of regular employees. In addition, SER program workers had their bags checked every time they entered the Feeding America facility.

Plaintiff's complaint contains no allegations about defendant Nielson. The only allegation plaintiff includes about defendant Kuyawa is that he is white, younger than plaintiff and greeted plaintiff and other older workers every morning by saying, "hi boys." Kuyawa's greeting made plaintiff feel inferior. With respect to defendant Bellehumeur, owner of Feeding America, plaintiff alleges that she told supervisors responsible for the waste room to keep the door closed because she could smell the waste from her office. This meant that plaintiff had to work in an area with a bad smell and little to no air flow.

Plaintiff's allegations are not sufficient to support an inference that any of the

2

defendants discriminated against him on the basis of his race or age. As I explained to plaintiff previously, Fed. R. Civ. P. 8 requires that plaintiff's complaint contain enough allegations of fact to make a claim for relief plausible on its face. <u>Aschcroft v. Iqbal</u>, 555 U.S. 662, 678-79 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u>

Plaintiff says that most SER program workers, including him, are black, over the age of 55 and were treated unfairly in comparison to permanent employees of Feeding America. However, he does not allege any facts to tie the alleged unfair working conditions to any plausible claim for race or age discrimination. With respect to age, plaintiff has not alleged that employees younger than he is were treated better. For example, he has not alleged that Feeding American's permanent employees were younger than he is. Additionally, plaintiff's allegation that defendant Kuyawa greeted him by saying "hi boys" is not enough to allow the drawing of an inference of discrimination. Further, plaintiff has alleged no facts suggesting that Kuyawa was responsible for the working conditions about which plaintiff is complaining.

With respect to race, plaintiff alleged that most employees at Feeding America are black. Thus, it is not clear why he believes that the harsh working conditions for SER employees were connected to their race. As I pointed out in the previous order, plaintiff's

3

allegations suggest that he was treated differently from regular employees because of his status as a SER program worker rather than as permanent employee, and not because of his age or race. Moreover, plaintiff's new allegation that defendant Bellehumeur ordered that the door to the waste room be closed so that she did not have to smell it actually undermines plaintiff's discrimination theory. Bellehumeur's actions suggest that she was motivated by her own comfort, not by discriminatory intent.

I will give plaintiff one final opportunity to submit an amended complaint that includes the allegations that are missing. As I explained to plaintiff previously, he should draft his complaint as if he is telling a story to people who know nothing about his situation. Someone reading the complaint should be able to answer the following questions:

- What are the facts that form the basis for plaintiff's claims?

- What did each individual defendant do that makes him or her liable for violating plaintiff's rights? In other words, why are these particular defendants being sued?

- How was plaintiff injured by each defendant's conduct?

At the minimum, plaintiff must identify: (1) each of the defendant's alleged discriminatory acts; and (2) why plaintiff believes defendants engaged in discrimination, that is, plaintiff should include facts showing why plaintiff believes that he was subjected to harsh working conditions *because* of his race or age and not for another reason (such as being a temporary employee).

Plaintiff has now failed twice to properly state a claim in this lawsuit. I will dismiss

4

his amended complaint without prejudice and give him one final opportunity to revise his complaint and provide more information to support his claims. I will give plaintiff until June 1, 2012, to do so. Once the court receives the amended complaint, I will assess the complaint to determine whether plaintiff has pleaded enough facts to state a claim upon which relief may be granted. If his new amended complaint fails to make out allegations that satisfy Rule 8, I will dismiss his claims with prejudice for failure to state a claim upon which relief may be granted. Also, if plaintiff fails to submit an amended complaint by June 1, I will direct the clerk of court to close the file.

ORDER

IT IS ORDERED that plaintiff Howard Grady's complaint is DISMISSED without prejudice for failure to comply with Fed. R. Civ. P. 8. He may have until June 1, 2012 to file an amended complaint that complies with Rule 8. If plaintiff does not file an amended complaint by June 1, the clerk of court is directed to close this case.

Entered this 23d day of May, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge