IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

HOWARD GRADY,

                                    ORDER

            Plaintiff,

                                    12-cv-136-slc[1]

   v.

BONNIE BELLEHUMEUR,
JEFF KUYAWA and STEVE NIELSON,

           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On two previous occasions, I have dismissed plaintiff Howard Grady's complaint for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. In his previous complaints, plaintiff had alleged that he was subjected to unfair working conditions while he worked at Feeding America as part of the SER work program, a state employment program for people over age 55. I understood from plaintiff's complaints that he was intending to assert claims for race or age discrimination against defendants. However, plaintiff had not alleged facts sufficient to support a discrimination claim against any defendant. I told plaintiff that he needed to include information in his complaint explaining why he believed he was subjected to harsh working conditions *because of* his race or age and how each defendant was involved personally in the alleged discriminatory acts.

Plaintiff has filed a second amended complaint. Dkt. #9. Unfortunately, his second

---

[1] For the purpose of issuing this order, I am assuming jurisdiction over this case.

1

amended complaint contains even fewer facts than his previous two complaints. In the second amended complaint, he alleges only that SER program workers were required to use different doors than regular Feeding America employees and that they were subjected to different and stricter rules than regular employees because SER employees were suspected of stealing. However, as with plaintiff's previous two complaints, he fails to allege facts connecting his allegations to any plausible claim for age or race discrimination. Additionally, he has included no facts about the individual defendants.

In sum, plaintiff has failed to plead facts sufficient to "allow[] the court to draw the reasonable inference that the defendant[s] [are] liable for" discrimination. Aschcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Because plaintiff has now failed three times to properly state a claim in this lawsuit, I am dismissing his complaint with prejudice.

ORDER

IT IS ORDERED that plaintiff Howard Grady's complaint is DISMISSED with prejudice for failure to state a claim upon which relief may be granted. The clerk of court is directed to close this case.

Entered this 11th day of June, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge